**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ROMULUS NEDEA, | ) | CASE NO:   3:07-cv-2848 |
| | ) | |
| Petitioner, | ) | JUDGE LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | VECCHIARELLI |
| WANZA JACKSON, Warden, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner, Romulus Nedea ("Nedea"), *pro se*, filed this action for a writ of habeas corpus under 28 U.S.C. § 2254 on May 14, 2007 in the United States District Court for the Southern District of Ohio. (Doc. No. 1.)  Nedea challenges the constitutionality of his 1970 conviction and sentence in the case of *State v. Nedea*, Case No. CR - 196947065.  On July 17, 2007, Respondent filed a motion to dismiss for lack of jurisdiction, or alternatively, to transfer the case to the Sixth Circuit. (Doc. No. 6.)  On September 11, 2007, the Southern District of Ohio transferred the case to the Northern District of Ohio.  (Doc. No. 9.)

This matter has been referred to the Magistrate Judge for the issuance of a Report and Recommendation.  (Doc. No. 15.)  For the reasons set forth below, the Petition (Doc. No. 1) should be TRANSFERRED to the Sixth Circuit Court of Appeals.

**I. Procedural Background**[1]

**A.     Convictions**

On July 31, 1970, Nedea was convicted in Lucas County Common Pleas Court of one count of assault upon a minor, one count of sodomy, and one count of child stealing.  The trial court sentenced Nedea to consecutive prison terms of one to ten years for assault upon a minor, one to twenty years for sodomy, and five to thirty years for child stealing. (Doc. No. 14, Exhs. 1-2.)

On March 7, 1972, a jury found Nedea guilty of one count of escape from confinement. (Doc. No. 14, Exh. 3.)  The Allen County Court of Common Pleas sentenced Nedea to serve an indefinite prison term of one to five years to be served consecutively to Nedea's other sentences. *Id*.

In 1986, Nedea was paroled.  *See State v. Nedea*, 2000 Ohio App. LEXIS 3821 (Ohio Ct. App. Aug. 25, 2000).  (Doc. No. 14, Exh. 4.)  In March of 1987, Nedea was arrested for "indecent exposure and returned to the Ohio Department of Rehabilitation and Corrections for violating the terms and conditions of his parole." *Id*.

On September 17, 1999, the Lucas County Court of Common Pleas entered a judgment entry finding that Nedea was a sexual predator. *Id*.  Nedea appealed this decision to Court of Appeals for the Sixth Appellate District in Lucas County, which affirmed the judgment. *Id*.

On July 27, 2001, Nedea was released on parole from his 1970 convictions from Lucas County.  (Doc. No. 14, Exh. 7; Case No. 2:04-cv-437, Doc. No. 10-5.)  On February 9, 2002,

---

[1] In addition to the documents filed in this case, the Court also reviewed the documents filed in connection with Nedea's first habeas petition before the United States District Court for the Southern District of Ohio, Case No. 2:04-cv-437.

Nedea was arrested and charged with public indecency.  *Id*.  On June 25, 2002. Nedea pled guilty in Montgomery County Common Pleas Court to a reduced charge of disorderly conduct and received a sentence of thirty days in prison.  *Id*.  On August 9, 2002, Nedea's parole was revoked.  (Doc. No. 14, Exh. 5.)

**B.     Previous Petitions for a Writ of Habeas Corpus**

    **1.     First Habeas Petition**

 On May 26, 2004, Nedea, *pro se*, filed his first habeas corpus petition in United States District Court for the Southern District of Ohio challenging his August 9, 2002 parole revocation.  (Doc. No. 14, Exh. 5.)  Nedea alleged that the Ohio Parole Board: unjustifiably and arbitrarily departed from its guidelines, denied him his right to be heard at the parole revocation hearing, violated the "Seporation [sic] of Power Doctrine," denied him a "Layne Decision Rescind Review Hearing," unlawfully held him in custody in excess of four to ten months, and circumvented its own guidelines.  *Id*.  He also argued that the prison did not have an adequate law library.[2]  *Id*.  The court for the Southern District of Ohio found Nedea's claim that he was denied due process at the parole revocation hearing to be barred by the statute of limitations. (Doc. No. 14, Exh. 7.)  It further determined that Nedea's claim concerning the law library was not cognizable upon habeas review.  *Id*.  Finally, the Court for the Southern District of Ohio found Nedea's remaining claims to be without merit because "Ohio prisoners have no constitutional right to release on parole before expiration of their maximum sentence of

---

[2]  On July 1, 2004, Nedea filed a second habeas petition challenging the same August 9, 2002 parole revocation.  (Doc. No. 14, Exh. 6.)  Because the court in the Southern District had not yet ruled on his first petition, the Court construed Nedea's second habeas petition as a motion to amend the petition.  (Doc. No. 14, Exh. 7.)

3

imprisonment." *Id*.

### 2. Second Habeas Petition

On February 18, 2005, Nedea filed a second habeas petition in the Southern District of Ohio that challenged his June 25, 2002 disorderly conduct conviction. (Doc. No. 14, Exh. 9.) Nedea claimed that his right to a speedy trial was violated, his bail was excessive, and that his trial counsel was ineffective. *Id*. The Court dismissed Nedea's petition because he failed "to meet the 'in custody' requirement for obtaining federal habeas relief." (Doc. No. 14, Exh. 10.)

### 3. Third Habeas Petition

On March 22, 2005, Nedea filed a third habeas petition in the Southern District of Ohio challenging his 1999 classification as a sexual predator. (Doc. No. 14, Exh. 12.) The Court dismissed Nedea's petition because Nedea's "classification as a sexual predator under Ohio law constitutes a collateral consequence of his conviction and sentence insufficient to satisfy the 'in custody' requirement of 28 U.S.C. § 2254(a)." (Doc. No. 14, Exh. 13.)

**C.  Fourth and Current Petition for a Writ of Habeas Corpus**

On May 14, 2007, Nedea filed a habeas petition challenging, for the first time in federal court, his 1970 convictions from the Lucas County Common Pleas Court. (Doc. No. 1.) Nedea's grounds for relief are summarized as follows:

> Ground One: His convictions violate the Double Jeopardy clause and *Ex Post Facto* clause of the United States Constitution because all three convictions arise out of a single act.[3]
>
> Ground Four: Trial counsel rendered ineffective assistance in violation of the Sixth Amendment of the United States Constitution because he was inexperienced

---

[3] Grounds Two and Three of Nedea's petition are redundant and also allege that his convictions violate the Double Jeopardy clause.

4

and failed to defend Nedea at trial or during sentencing.

(Doc. No. 1.) Nedea asserts that he did not file his petition within a year of his conviction becoming final because: (1) he was "incarcerated all [the] time;" (2) he is indigent and cannot afford counsel; (3) he is untrained in the law; (4) he had asked the Public Defenders' office in Columbus, Ohio to appeal his case in 1997 but it did not help; (5) he only recently learned of allegedly applicable Ohio Supreme Court precedent; (6) the "AEDPA did not abrogate the well-settled traditional rule;" and (7) the "AEDPA does not apply to non capital cases to a Writ of Habeas Corpus." *Id*.

## II. Analysis

Respondent asserts that Nedea's current petition constitutes a second or successive petition and, therefore, should either be dismissed or transferred. (Doc. Nos 6 & 14.) In the Sixth Circuit, when a second or successive petition for habeas corpus relief is filed in a district court without appellate court authorization, the district court should transfer the petition to the Sixth Circuit rather than dismiss the matter altogether. *See, e.g., In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), because Nedea filed his habeas petition after the effective date of AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA, 28 U.S.C. § 2254 (hereinafter "§ 2254"), allow a prisoner in custody pursuant to the judgment of a state court to seek a writ of habeas corpus on the ground that he or she is in custody in violation of the Constitution or laws or treaties of the United States. Under 28 U.S.C. § 2244(b) (hereinafter "§ 2244"), a state

5

prisoner seeking a writ of habeas corpus under § 2254 may *not* file a second or successive habeas petition in district court unless it has been authorized by a court of appeals.[4]

### A. Challenges to the Execution of Sentences

In his first habeas petition, filed in the Southern District of Ohio on May 26, 2004, Nedea did not challenge the constitutionality of his convictions, but instead, challenged the execution of his sentence – namely the actions of the Ohio Adult Parole Authority (hereinafter "Parole Board").[5] (Doc. No. 14, Exh. 7 at 2.) At least one circuit has held that a state prisoner who

---

[4] The statutory language reads as follows:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

[5] In its Answer/Return of Writ to Nedea's first petition, the Respondent argued that Nedea's petition "should be considered pursuant to 28 U.S.C. § 2241" because his petition challenged the *execution* of his sentence rather than his convictions. (Case No. 2:04-cv-437, Doc. No. 10 at 5.) This citation references the docket number from the Southern District of Ohio. The only provision of § 2241 that conceivably could apply to

6

challenges the terms and conditions of his confinement, including the actions of a parole board, proceeds under § 2241.  *See Heckard v. Tafoya*, 214 Fed. Appx. 817, 821-22 (10th Cir. 2007); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.") (citations omitted).  Section 2244 precludes successive § 2254 petitions without appellate court authorization.  Under the Tenth Circuit's approach, a petition challenging a judgment of conviction under § 2254 would not be a second or successive petition to a § 2241 petition that challenged the terms and conditions of confinement or the execution of a sentence.  *Id*.

Other circuits, including the Sixth Circuit, have taken a different approach.  *See, e.g., Allen v. White*, 185 Fed. Appx. 487 (6th Cir. 2006); *White v. Lambert*, 370 F.3d 1002, 1004 (9th Cir. 2004); *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006)("[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead."), *quoting with approval Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277 (2nd Cir. 2003).  These courts have found that § 2254 is the proper jurisdictional basis for any habeas petition brought by a *state prisoner* in custody pursuant to a state court judgment, even if the prisoner is challenging the terms of his sentence or confinement, including the execution of his sentence.  *See, e.g., White v. Lambert*, 370 F.3d at 1005; *James v. Walsh*, 308 F.3d 162, 167 (2nd Cir. 2002); *Medberry v. Crosby*, 351

---

a person in state custody is § 2241(c)(3), which extends the writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." The remaining sections of § 2241 concern prisoners in custody pursuant to federal authority or foreign citizens who are in custody in violation of an alleged right, privilege, or exemption.

F.3d 1049, 1060 (11th Cir. 2003). They reason that § 2241 grants the statutory authority to issue writs of habeas corpus while § 2254 implements that authority with respect to state prisoners in custody pursuant to a state court conviction.[6] *See Allen v. White*, 185 Fed. Appx. At *7 (citing *White v. Lambert*, *supra*, with approval); *accord Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006); *Alexander v. Hofbauer*, 2006 U.S. Dist. LEXIS 61824 at **4-6 (W.D. Mich. 2006); *Marsch v. Kentucky*, 2005 U.S. Dist. LEXIS 18477 (W.D. Ky. 2005); *see also Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000).

These courts distinguished between § 2254, which applies to state prisoners, and § 2255, which applies to federal prisoners. While federal prisoners may, in some circumstances, challenge the execution of their sentences under § 2241, "the same is not true of state prisoners who proceed under § 2254, because § 2254 allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences." *Allen v. White*, 185 Fed. Appx. at *7 (emphasis in original); *see also White v. Lambert*, 370 F.3d at 1009. In fact, the Sixth Circuit emphasized that there is a serious question whether a state prisoner convicted pursuant to a state judgment "may *ever* proceed under § 2241." *Allen v. White*, 185 Fed. Appx. at *7.

Under the reasoning of the above cited opinions from the Sixth Circuit and other circuits, all of Nedea's previous petitions were necessarily brought under § 2254.[7] Therefore, Sixth

---

[6] Understood in its proper context, § 2254 "in effect implement[s] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment of a state court*, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *White v. Lambert*, 370 F.3d at 1006 (emphasis added) (citations omitted).

[7] Notably, all of Nedea's previous petitions were expressly styled as § 2254 petitions (Doc. No. 14, Exhs. 5-6, 9 & 12) and each decision of the Southern District construed

8

Circuit precedent directs the conclusion that, even if Nedea challenged the execution of his sentence in his prior petition by challenging the action of the parole board, a subsequent petition challenging the underlying judgment of conviction may be a second or successive § 2254 petition.

**B.     Second and Successive Petitions**

The Court now turns to the issue of whether Nedea's present petition is a second or successive petition. Although Respondent claims that Nedea's current habeas petition is a second or successive petition, Respondent has failed to address the issue of whether Nedea's previous petitions (1) involved the 1970 convictions he currently seeks to challenge, (2) involved other unrelated convictions, or (3) were dismissed for purely technical reasons. This Court, therefore, is tasked with culling through the records, without any aid from the parties, to determine if the current petition is a second or successive petition.

The issue of whether a second § 2254 petition is, in fact, considered a "second or successive habeas corpus" application pursuant to § 2244(b) can be a complex one. *See In re Page*, 179 F.3d 1024, 1027 (7th Cir. 1999) (Wood, J., dissenting). When the initial petition has been dismissed for purely technical reasons, such as a failure to exhaust state court remedies, the court may disregard it and a subsequent petition will not be a successive petition under § 2244. *See, e.g., Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir. 1998); *In re Page*, 179 F.3d at 1025. However, a districts court's denial of a habeas petition on the grounds of procedural default is considered an "on the merits" decision. *See In re Cook*, 215 F.3d 606 (6th Cir. 2000).

A petition is considered a second or successive petition if "it raises a claim that could

---

Nedea's petition as arising under § 2254. (Doc. No. 14, Exh. 7, 10 & 13.)

have been raised in the first petition but was not so raised, either due to deliberate abandonment or neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006), *citing McClesky v. Zant*, 499 U.S. 467, 489 (1991) ("Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."); *see also In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007) (because all of petitioner's arguments could have been raised in his previous §2255 motion, the present motion at issue is a second or successive petition that requires authorization from the Court of Appeals); *In re Marsch*, 209 Fed. Appx. 481 (6th Cir. 2006) (a petition challenging the denial of parole that is filed subsequent to a petition challenging the underlying conviction was a second or successive petition because the petitioner could have discovered the factual predicate of his parole claim by the time he filed his first petition), *citing In re Siggers*, 132 F.3d 333, 338 (6th Cir. 1997) (prisoner's claim was successive because he could have discovered the factual predicate to the new claim at the time he filed his first petition).

Nedea's first habeas petition challenged the Parole Board's August 2002 decision that revoked his parole. The documents filed in this matter and also in connection with Nedea's first habeas petition show that Nedea's parole did, indeed, stem from his initial 1970 convictions.[8]

---

[8] The Parole Violation Report concerning Nedea's 2002 arrest for public indecency indicates Nedea is on parole from sentences stemming from his 1970 convictions and names the sentencing court and judge from the 1970 convictions. (Case No. 2:04-cv-437, Doc. Nos. 10-4 & 10-5.) The Report indicates that Nedea was sentenced in Lucas County by Judge Walinski for assault on a child. *Id*. Nedea's 1970 Certificate of Sentence was issued by Judge Nicholas Walinski in Lucas County. (Doc. No. 14, Exh. 1.) By contrast, Nedea's 1972 conviction for escape is from Allen County while his 2002 disorderly conduct conviction occurred in Montgomery County. (*See* Part I, Section A, *supra*.)

(Case No. 2:04-cv-437, Doc. Nos. 10-4 & 10-5.)  The court for the Southern District of Ohio denied Nedea's second claim in the petition – that he was deprived of due process at the parole hearing – because Nedea failed to raise it within the time allotted by the AEDPA's statute of limitations.  (Doc. No. 14, Exh. 7.)  The court also found that Nedea's claim challenging the sufficiency of a prison library was not cognizable on habeas review.  *Id*.  Finally, the court denied Nedea's remaining claims that the Parole Board acted "unjustifiably and arbitrarily" because the claims were not appropriate for habeas review.  *Id*.  The court for the Southern District of Ohio clearly addressed the substantive issues presented in Nedea's first petition. Furthermore, a dismissal based on the statute of limitations is not merely a technical violation.

Nedea's current petition alleges that his 1970 convictions for assault on a minor, sodomy, and child stealing violated the Double Jeopardy clause and *Ex Post Facto* clause because those convictions arise out of a single act; he also alleges that he was denied effective assistance of trial counsel because his trial counsel was inexperienced and failed to defend Nedea at trial or during sentencing.[9]  (Doc. No. 1.)  Nedea could have raised these claims in his first habeas petition but failed to do so.  Certainly, no procedural bar prevented Nedea from challenging the denial of his parole and the constitutionality of his convictions at the same time.  *See Allen*, 185 Fed. Appx. at *7 (§ 2254 allows state prisoners to attack the execution of their sentences as well as their convictions).  In addition, the factual predicate to these claims stem from convictions over thirty years old and could have been discovered by the time Nedea filed his first habeas

---

[9] Nedea's allegations that he failed to file an earlier petition because he was unrepresented, ignorant of the law and incarcerated has no impact on the determination of whether Nedea's current petition constitutes a second or successive petition.  Rather, those are factors that the Sixth Circuit may consider in determining whether to allow Nedea to file a second or successive petition.

11

petition. Thus, Nedea's present petition constitutes a second or successive petition because: (1) Nedea's first habeas petition involved the 1970 convictions he is currently challenging; (2) the first petition was decided on substantive rather than technical grounds, and (3) Nedea could have included his present challenge to his underlying 1970 convictions in his first petition. As the present petition is successive to Nedea's first habeas petition, it is unnecessary to review Nedea's second or third petitions in any depth.[10]

Because Nedea has filed a second or successive petition, this Court lacks jurisdiction over Nedea's petition and it should be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *In re Bowling*, 422 F.3d 434, 439 (6th Cir. 2005).

### III. Conclusion

For the foregoing reasons, the Magistrate Judge finds Nedea's petition is a second or successive petition and recommends this action be transferred to the United States Court of Appeals for the Sixth Circuit.

/s/ *Nancy A. Vecchiarelli*
United States Magistrate Judge

Date: February 6, 2008

---

[10] Nedea's second petition from February of 2005 clearly does *not* relate to his 1970 convictions, as Nedea instead challenged his 2002 disorderly conduct conviction. (Doc. No. 14, Exh. 9.) Nedea's third petition challenged his 1999 classification as a sexual predator, which also stems from his 1970 convictions. (Doc. No. 14, Exhs. 2 & 12.) The court for the Southern District of Ohio dismissed this petition because Nedea, despite being incarcerated at the time he filed his petition, failed to satisfy the "in custody" requirement of the AEDPA, as his classification as a sexual predator was only "a collateral consequence of his conviction and sentence" under Sixth Circuit precedent. (Doc. No. 14, Exh. 13.)

**OBJECTIONS**
 **Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.**  *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**