# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ROMULUS NEDEA ,** | ) | **Case No. 3:07CV2848** |
| | ) | |
| **Petitioner,** | ) | **JUDGE SARA LIOI** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **WANZA JACKSON, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

This action is before the Court upon the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli (Docket No. 17). Petitioner Romulus Nedea ("Nedea") has filed objections to the Report. (Docket No. 19). For the following reasons, the Report and Recommendation's findings of fact and conclusions of law are **ADOPTED**, Petitioner's objections are **OVERRULED** and this Petition for Writ of *Habeas Corpus* (Docket No. 1) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

## I.  INTRODUCTION

On July 31, 1970, Nedea was convicted of one count of assault upon a minor, one count of child stealing, and one count of sodomy in the Lucas County Common Pleas Court. He was sentenced to consecutive prison terms of one to ten years for the assault upon a minor charge, one to twenty years for the sodomy charge, and five to thirty years for the child stealing charge. (Doc. No. 14, Ex. 1-2.)

He apparently escaped, and was then convicted of one count of escape from confinement in the Allen County Court of Common Pleas on May 7, 1972. (Doc. No. 14, Ex. 3.) The Court sentenced him to a term of one to five years to be served consecutively to his sentences on the previous charges.

In 1986, Nedea was paroled. (Doc. No. 14, Ex. 4.) Shortly thereafter, in March, 1987, he was arrested for indecent exposure and returned to the Ohio Department of Rehabilitation and Corrections for violation of the terms and conditions of his parole. *Id*.

On September 17, 1999, the Lucas County Court of Common Pleas entered a judgment that Nedea was a sexual predator. *Id*. He appealed the decision to the Court of Appeals of Ohio, Sixth Appellate District, which affirmed the trial court. *Id*.

On July 27, 2001, Nedea was again released on parole. (Doc. No. 14, Ex. 7.) Approximately six months later, on February 9, 2002, he was arrested and charged with public indecency. *Id*. He later pleaded guilty to the reduced charge of disorderly conduct, and the Montgomery County Common Pleas Court sentenced him to thirty days. *Id*. As a result, the Ohio Parole Board held a hearing and revoked Nedea's parole on August 9, 2002. *Id*.

Nedea then began filing a number of habeas corpus petitions.[1] One of these petitions is particularly relevant to the analysis of the current case. On October 7, 2004, Nedea filed a petition under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Ohio.[2] *Nedea v. Hocking Correctional Facility*, 2:04CV1005 (S.D. Ohio Oct. 26, 2004). Nedea asserted that his 1970 conviction violated the U.S. Constitution by claiming (1) "the offense of child stealing it is unlawful [sic] against Nedea and therefore must be dismissed against him; (2) Ineffective assistance of counsel; and (3) Nedea [was] denied a copy of the trial

[1] In addition to the two which will be discussed, Nedea also filed the following petitions: (1) *Nedea v. Ohio Adult Parole Authority*, No. 2:04CV437 (S.D. Ohio Apr. 21, 2005) (dismissing Nedea's challenge to his parole revocation as untimely and without merit because Ohio prisoners have no right to release on parole before the expiration of their maximum sentence of imprisonment) (Doc. No. 14, Ex. 8); (2) *Nedea v. Tambi*, 2:05CV158 (S.D. Ohio Dec. 6, 2005) (dismissing Nedea's challenge to his June 25, 2002, disorderly conduct conviction for failure to meet the "in custody" requirement for federal habeas relief) (Doc. No. 14, Ex. 11); (3) *Nedea v. State of Ohio*, No. 2:05CV260 (S.D. Ohio May 11, 2005) (dismissing Nedea's challenge to his 1999 classification as a sexual predator for failure to meet the "in custody" requirement) (Doc. No. 14, Ex. 13); (4) *Nedea v. Warden*, *Warren Correctional Institution*, No. 3:07CV883 (N.D. Ohio July 9, 2007) (dismissing Nedea's challenge to his parole revocation as totally without merit).
[2] Although this petition is not in the record of this case, the Court takes judicial notice of the petition. *See* Govea v. Eichenlaub, No. 2:07CV13992, 2007 U.S. Dist. LEXIS 76991, at *2 n.1 (E.D. MI Oct. 17, 2007) ("A federal district court is permitted to take judicial notice of another court's website.")

transcript and has been advised by the clerk of court that there is no trial transcript on him." *Id*. The court dismissed Nedea's petition for failure to comply with the statute of limitations. *Id*.

On May 14, 2007, Nedea filed the current action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 1970 state court conviction[3]. The Court referred the matter to Magistrate Judge Nancy A. Vecchiarelli for the preparation of a Report and Recommendation. The Magistrate Judge submitted her Report and Recommendation on February 2, 2008. In her Report, the Magistrate Judge recommended that Nedea's claim be transferred to the United States Court of Appeals for the Sixth Circuit because, as a "second or successive petition," this Court lacks jurisdiction to hear it. Petitioner filed his objections to the Report and Recommendation (Doc. No. 19) and the issue is now ripe for this Court's consideration.

## II. <u>STANDARD FOR REVIEW</u>

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

This Court's scope of review in habeas cases is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In the AEDPA, Congress enacted a scheme where a federal court may grant habeas relief from a state court conviction only if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court and its decision is either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court.

---

[3] This petition was originally filed in the United States District Court for the Southern District of Ohio, which transferred the case to this Court as the district in which petitioner was convicted. (Doc. No. 9.)

28 U.S.C. § 2254(d)(1).

The Court has reviewed *de novo* the objections to the Report and Recommendation, as well as the briefs and supporting material submitted by the parties, the dockets of the U.S. District Courts for the Northern and Southern Districts of Ohio, and the objections to the Report raised by Petitioner. The Court finds the Report and Recommendation to have been factually correct and agrees with its conclusion, although for different reasons than those set forth in the Report. The Court also finds Nedea's objections to be without merit.

## III.  <u>LAW AND ANALYSIS</u>

Under 28 U.S.C. 2244(b)(3), a state prisoner cannot file a second or successive petition for writ of habeas corpus unless the relevant court of appeals issues an order authorizing the district court to consider it. Not all petitions filed subsequent to a prior petition will qualify as "second or successive" within the meaning of the statute. In determining whether a petition is "successive," courts look to whether the prior petition received a disposition "on the merits" and whether the subsequent petition "raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *See In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006); *Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir 1998). Where a prior petition is dismissed for failure to exhaust state remedies, a subsequent petition on the same claim is not "second or successive" because the ruling on the prior petition does not qualify as a disposition "on the merits." *Carlson*, 137 F.3d at 420. In contrast, where a prisoner's first habeas petition is dismissed for procedural default where the statute of limitations has run on those remedies, the dismissal is "on the merits," and that prisoner's second habeas application must be authorized by the Court of Appeals under § 2244(b)(3) prior to consideration by the district court. *In re Cook*, 215 F.3d 606 (6th Cir. 2000).

In *Cook*, the Sixth Circuit distinguished such a situation from a typical failure to exhaust state remedies, where a petitioner could exhaust and then refile. Instead, where claims are inexcusably procedurally defaulted, the petitioner cannot remedy that violation and refile; his claims are foreclosed. *Id*. Thus Cook was "not making one challenge with multiple stages, but has made a second challenge to his state conviction." *Id*.

In the case at hand, as in *Cook*, the petition is "second or successive." Nedea's previous habeas petition contested his 1970 conviction. It was dismissed for failure to comply with the AEDPA's one-year statute of limitations. Thus Nedea was "foreclosed from [further] federal habeas corpus review of those claims" and could not merely go exhaust his state remedies and then refile his petition, as his previous petition received a ruling "on the merits." Indeed, Nedea's latest petition is not "one challenge with multiple stages," but yet another attempt to attack his conviction after the Southern District already ruled that his claims fail as a matter of law. *Cook*, 215 F.3d at 608. *See also Moore v. Bell*, No. 2:07:CV13028, 2007 U.S. Dist. LEXIS 54800, at *2 (E.D. MI July 30, 2007) (where prior petition was dismissed for failure to comply with the AEDPA's statute of limitations, subsequent petition again challenging conviction was "second or successive petition" which must first receive authorization from the Court of Appeals).

In addition, to the extent they were not already decided by the Southern District of Ohio's ruling on his prior petition, Nedea raises claims in his current petition that he could have raised in his initial petition but did not.[4] Nedea's conviction occurred in 1970. He argues here that all three of his convictions arise out of a single act, so the offenses should merge together. This claim was inexcusably omitted from his prior petition which challenged the same

---

[4] In the case at hand, Nedea attempts to again raise ineffective assistance of counsel. He asserted this same claim in the prior petition, and the court dismissed it as untimely. *Nedea v. Hocking Correctional Facility*, No. 2:04CV1005, *2 (S.D. Ohio Oct. 26, 2004).

conviction he contests in this action. The facts underlying these claims were readily ascertainable both in 1970 when they occurred and in 2004 when he argued that the offense of child stealing was "unlawful against [him]." *See In re Marsch*, 209 Fed. Appx. 481, 483 (6th Cir. 2006) (finding petition successive where he could have discovered the factual predicate to his claim when he filed his first petition). Nedea does not argue that he has recently learned of any new facts to excuse his failure to allege his claims in 2004. He thus inexcusably raises claims that could have been raised in the prior petition but were not.[5] *See Bowen*, 436 F.3d at 704.

Because Nedea's current petition attempts to relitigate the previously-dismissed ineffective assistance of counsel claim and to add Double Jeopardy claims that he could have raised in his prior petition, his is a "second or successive" petition.  As such, this Court lacks jurisdiction to hear it and must transfer it to the Sixth Circuit Court of Appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## VI.  CONCLUSION

Accordingly, Court **ADOPTS** the conclusion of the Report and Recommendation and **OVERRULES** Petitioner's objections. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit. This case is closed.

**IT IS SO ORDERED.**

Dated: March 6, 2008

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[5] The Court notes that Nedea's petition is also "second or successive" to his prior petitions attacking his parole revocation because his prison sentence stemmed from the 1970 conviction. *See Benchoff v. Colleran*, 404 F.3d 812, 818-19 (3rd Cir. 2005) ("[E]very Court of Appeals to have addressed the question has required a petitioner to raise claims relating to his or her underlying conviction in the same petition as available claims dealing with the administration of the sentence and has found a petitioner's failure to do so to be an abuse of the writ.") (citing *Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996); *McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994); *Whittemore v. United States*, 986 F.2d 575, 579 (1st Cir. 1993); *Goode v. Wainwright*, 731 F.2d 1482, 1483-84 (11th Cir. 1984); *Fuller v. Baker*, No. 94-3989, 1995 U.S. App LEXIS 16552, at *1-2 (6th Cir. June 30, 1995).